OPINION OF THE COURT
Emily Jane Goodman, J.
In this CPLR article 78 proceeding, petitioner Daniel Hernandez (Hernandez) is a 35-year-old homeless man who is HIV positive and suffers from clinical/symptomatic HIV illness and/or AIDS. On July 22, 1997, Mr. Hernandez applied to respondent Division of AIDS Service Income Support (DASIS) of the New York City Human Resources Administration (HRA) for benefits and services, including emergency housing. He submitted his application at the DASIS office at 11 West 13th Street in Manhattan (the Waverly office). He was interviewed, his application was completed and he submitted all necessary documents to the Waverly office. Mr. Hernandez was then placed by DASIS in a temporary housing placement at the Paradise Transitional Housing Program in the Bronx.
ELIGIBILITY
By notice dated July 22, 1997, HRA informed Mr. Hernandez that he was also scheduled for an eligibility verification review (EVR) at HRA’s office at 330 Jay Street, Brooklyn, New York, on July 29, 1997. The form notice stated that Mr. Hernandez’s case had been selected for an EVR by EVR investigators to verify information he had submitted at the Waverly office. The notice also stated that “compliance with the EVR review is an eligibility requirement. Your failure to report for the interview, or to respond to notices left at your home by EVR investigators, may result in rejection of your application or closing of your case. You must provide all the documents you can get and the information needed to help establish your eligibility; but you cannot be denied public assistance due to your inability to get requested documents if your eligibility can otherwise be established.”
*552 By July 1997, Mr. Hernandez had become a client of Housing Works. Housing Works is the largest provider of housing and services for homeless and formerly homeless individuals and families living with the Human Immunodeficiency Virus (HIV) and Acquired Immunodeficiency Syndrome (AIDS) in New York City. One of the services provided by Housing Works includes assisting clients such as Mr. Hernandez to secure necessary benefits via DASIS. In response to the EVR notice, on Mr. Hernandez’s behalf, Mark Dennis, acting program director of Housing Works’ Bronx independent living program, contacted the site director for the Waverly office and informed her that Mr. Hernandez was being required to attend an EVR appointment in Brooklyn. The Waverly site director confirmed that Mr. Hernandez’s public assistance case would not be opened unless he appeared for the EVR appointment. Mr. Hernandez, represented by Housing Works, then commenced this proceeding protesting that HRA’s requiring him, as a DASIS client, to submit to the additional EVR review, is a violation of law.
Title 21 of the Administrative Code of the City of New York was amended effective July 11, 1997 to establish the Division of AIDS Services and provide assurance that persons with clinical/symptomatic HIV illness will be provided access to all available benefits and services. (Administrative Code § 21-126, added by Local Laws, 1997, No. 49 of City of NY [the DASIS law].)
Section 21-128 (a) (1) of the Administrative Code provides, in relevant part, that: “the provision of assistance by staff of the division to a person with clinical/symptomatic HIV illness or with AIDS [will be] at a single location in order to apply for publicly subsidized benefits and services, to establish any and all elements of eligibility including, but not limited to, those elements required to be established for financial benefits, and to maintain such eligibility.”
Section 21-128 (b) further provides that: “The requirements with respect to such access to and eligibility for benefits and services shall not be more restrictive than those requirements mandated by state or federal statute, law, regulation or rule. Within thirty days of the effective date of the local law that added this section, the commissioner shall establish criteria pursuant to which an applicant shall be entitled to a home or hospital visit for the purpose of establishing eligibility and applying for benefits and services.”
EVR is an investigation of clients which is conducted to confirm identity, living situation, income and resources prior to *553 the completion of the regular eligibility determination. The effect of adding the EVR process to clients of BASIS clearly is to add an additional eligibility requirement for benefits. Perhaps recognizing the burdensome effect of this requirement on BASIS applicants, after the commencement of this proceeding, and effective August 4, 1997, HRA eliminated the requirement that BASIS applicants travel to Brooklyn for an interview and replaced that requirement with the requirement of a visit at the applicant’s home. By letter dated August 1, 1997, the City’s attorney wrote to Mr. Hernandez’s attorney as follows: “The Human Resources Administration has determined that petitioner shall be excused from attending the interview at 330 Jay Street and that a review of petitioner’s eligibility for public assistance pursuant to Eligibility Verification Review will occur at a home visit.”
The City maintains that its conduct of the EVR at petitioners’ homes renders the petitions moot. The City also maintains that Social Services Law § 132 et seq. requires it to conduct home visits. That law provides that HRA “shall maintain close contact with persons granted public assistance and care” (Social Services Law § 134), including home visits as one method. However, the Social Services Law does not require home visits and, when these visits are conducted as part of the EVR process and in addition to the BASIS process, the home visits clearly constitute a further eligibility requirement that is prohibited by section 21-128 and 21-128 (b) of the Administrative Code. (In fact section 21-128 [b] expressly provides that a BASIS client may establish his or her eligibility for benefits at a single home visit.) HRA has not explained why a home visit must be an additional meeting. The Administrative Code plainly requires that persons with HIV/AIBS be provided assistance and be permitted to satisfy any and all eligibility elements at a single location. The Administrative Code does not then require home visits and neither shall the court.
As further evidence that the intent of the BASIS law (Local Law 49) is to facilitate access to services by persons living with HIV/AIBS and to eliminate additional eligibility requirements, New York City Councilman Stephen BiBrienza, a prime cosponsor of Local Law 49, has submitted an affidavit stating that “the language of Local Law 49 expressly reflects the legislative intent of the City Council to eliminate compliance with the EVR process as a requirement for establishing or maintaining eligibility for benefits and services administered by BASIS.” (Affidavit of Stephen BiBrienza, sworn to Oct. 15, 1997, 5.) Council Member BiBrienza’s affidavit further states:
*554 “One of the primary purposes of Local Law 49 is to prevent the inappropriate denial, delay or interruption of housing, food, medical care, cash assistance and other life-saving public benefits and services required by New Yorkers living with HIV-related illness and AIDS. The law is intended to facilitate access to necessary assistance by requiring that applicants and recipients with HIV illness and AIDS be assisted to establish and maintain their eligibility for benefits and services at a single location, and by protecting such applicants and recipients from the imposition of additional bureaucratic barriers to benefits and services.
“HRA’s Eligibility Verification Review Program is an additional eligibility requirement first imposed by HRA on New York public assistance applicants and recipients in 1995. The EVR program adds a second step to investigatory procedures for otherwise eligible public assistance applicants and recipients, requiring them to attend appointments with and allow home visits by EVR investigators, during which they are required to provide information and submit documents already provided to HRA Income Support staff as part of applications or recertification procedures. Public assistance recipients and their advocates have testified before the Committee on General Welfare that compliance with the EVR process often proves difficult or impossible for poor New Yorkers, especially those suffering from HIV-related illness, and that a person’s failure or inability to comply with EVR appointments and/or home visits can result in the inappropriate denial or interruption of essential benefits to eligible persons.
“The language of Local Law 49 expressly reflects the legislative intent of the City Council to eliminate compliance with the EVR process as a requirement for establishing or maintaining eligibility for benefits and services administered by DASIS. The law stipulates that persons with HIV illness and AIDS are to be assisted to ‘establish any and all elements of eligibility’ for benefits and services by ‘staff of DASIS, ‘at a single location’ (§ 21-128 [a] [1]), and the law prohibits the imposition of ‘requirements with respect to such access to and eligibility for benefits and services’ that are ‘more restrictive than those requirements mandated by state or federal statute, law, regulation or rule.’ (§ 21-128 [b].) EVR appointments and home visits are additional eligibility requirements imposed by the City, they violate the mandate that assistance be provided to persons with HIV illness and AIDS at a ‘single location,’ and they are conducted by persons who are not part of the DASIS staff. The *555 Council’s intent to eliminate compliance with EVR as a requirement for persons with clinical/symptomatic HIV illness and with AIDS is not only clearly reflected by the language of Local Law 49. In addition, relevant sections of the proposed local law were also discussed at numerous public hearings and private negotiations with members of the Giuliani administration.
“The legislative intent to eliminate EVR for DASIS-eligible public assistance applicants and recipients is also clearly stated in a Committee Report dated May 22, 1997, which was prepared by Counsel to the Committee on General Welfare Committee to provide analysis of and background on proposed Int. No. 606-A, which became Local Law 49. Committee Reports are produced by and for the City Council, are made available to Council members, to the Administration, and to the public, are part of the Committee record, and are published with the local law as part of the official legislative history. The May 22, 1997 Committee Report relating to then Proposed Int. No. 606-A states at page three that the law’s definition of ‘Access to benefits and Services’ means assistance at a single location in establishing eligibility and applying for any publicly subsidized benefits and services. A footnote further explains that: ‘The definition of “access to benefits and services” was reworded from that provided in the original bill to stress the fact that applicants for benefits and services should be able to receive assistance from HRA in a single location, be it the field office, home, hospital, or other convenient location. “Access to benefits and services” was further amended to ensure that all elements of eligibility, including those currently occurring at HRA’s Eligibility Verification Review office (EVR), take place at the same location.’ ”
The approximately 18,000 New York City public assistance recipients living with HIV and AIDS face unique challenges in accessing public benefits and services, including greater susceptibility to infection and the fear of HIV-related discrimination. The DASIS law sensitively and sensibly requires that such persons be provided access to public benefits at a single location by staff trained to deal specifically with the issues faced by persons living with HIV/AIDS. It is not clear from the papers that the EVR staff are trained pursuant to the spirit of the DASIS law nor that the EVR staff has unique abilities not possessed by the DASIS staff. Thus respondents’ arguments that petitioners’ interpretation of the DASIS law prevents the City from conducting full investigation into benefits, etc., is not convincing.
*556 Moreover, the court is disturbed by information received at oral argument from petitioner’s attorney to the effect that the EVR agents leave notes on the doors of the applicants if the client is not home when the EVR visit occurs. These practices risk the disclosure of the applicant’s confidential HFV-related information, in violation of article 27-F of the Public Health Law, making applicants the potential targets of abuse, discrimination and even violence. Clearly this violates the public policy and statute and is not in compliance with the Administrative Code.
Accordingly, petitioner’s motion for a preliminary injunction enjoining HRA and DASIS from requiring Mr. Hernandez to travel to or otherwise submit to an EVR for purposes of establishing his eligibility for benefits and services is granted.
INTERVENTION
Petitioners Bernard Gaddy, Sharon Brown, Ana Rodriguez and James Bynum additionally move for leave to intervene, for leave to file an amended verified petition and also for a preliminary injunction. Respondents consent to the intervention of James Bynum and Ana Rodriguez, but oppose intervention by Ms. Brown and Mr. Gaddy on the grounds that Gaddy and Brown were recipients of public assistance prior to the passage of Local Law 49 and that, therefore, as recipients of public assistance under DASIS, their claims do not have common questions of law or fact with Hernandez, who petitions as an applicant for public assistance. Even assuming, as respondents argue, that the assistance status of Mr. Gaddy and Ms. Brown is significantly different from that of the other petitioners, the issue and resolution appear to be the same, namely, whether the additional verification of continuing eligibility through the EVR process violates the Administrative Code. And the answer is that is does.
It appears that respondents argue that persons living with HIVZAIDS who were on public assistance prior to the passage of DASIS are not afforded the same access to services as new applicants. (Mr. Hernandez has during this litigation, but for unrelated reasons, lost his benefits and now is reapplying.) This completely belies the intent of the DASIS law on its face (and as discussed by Council Member DiBrienza), namely, to solve problems that had arisen for the thousands of people already receiving benefits. In fact, while at the same time that the City claims that there are no common questions of law between the petitions of Gaddy and Brown and the others, the *557 City raises the identical arguments in opposition to the intervention motion as they have raised in opposition to the Hernandez petition. The argument that DASIS does not prohibit additional eligibility requirements for DASIS clients is clearly wrong, as discussed above.
For the reasons discussed above, the motions to intervene are granted.
Additionally, the temporary restraining order issued by this court on August 14, 1997 is continued.
It is ordered that the intervenors shall serve and file amended petitions within 20 days of service of this order with notice of entry and the caption shall be amended to include James Bynum, Ana Rodriguez, Bernard Gaddy and Sharon Brown as petitioners. Serve a copy of this order with notice of entry on the Trial Support Office and County Clerk who shall effect the change in the caption.
It is further ordered and adjudged that the petition of Daniel Hernandez is granted and respondents and their agents are permanently enjoined from taking any adverse action regarding Hernandez’s DASIS and/or public assistance application based upon his failure to appear for EVR; and respondents are further directed to issue directives consistent with Administrative Code § 21-126 et seq. eliminating satisfaction of EVR as a requirement for establishing or maintaining benefits and services provided by or through DASIS.